**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2401-17T2

DERRICK J. EUTSEY,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

RINALDO M. DARGENIO,

      Defendant-Respondent/
      Cross-Appellant,

and

GEICO INSURANCE COMPANY,

      Defendant.

_____

          Submitted January 29, 2019 – Decided August 21, 2019

          Before Judges Suter and Geiger.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1284-14.

          Lee Law Firm, LLC, attorneys for appellant/cross-respondent (Edward H. Lee, on the briefs).

Sellar Richardson, PC, attorneys for respondent/cross-appellant (Shawn R. Stowell, of counsel and on the briefs; Cory Jordan Rothbort and Clifford H. Lange, on the brief).

PER CURIAM

Plaintiff Derrick J. Eutsey appeals from the January 2, 2018 order that dismissed his personal injury complaint with prejudice because his expert witness did not provide a comparative analysis of his alleged injuries. Defendant Rinaldo M. Dargenio cross-appeals from orders entered in 2015 that denied his motion to dismiss plaintiff's complaint based on the statute of limitations and that denied reconsideration. We agree with defendant that plaintiff's complaint was barred by the two-year statute of limitations and should have been dismissed in 2015. We reverse the 2015 orders, concluding that the complaint was not timely filed.[1]

Plaintiff was involved in a motor vehicle accident with defendant on May 4, 2004. He claimed to have sustained permanent injuries to his neck and back. Plaintiff filed a personal injury complaint against defendant on March 6, 2006 (Complaint I), for these injuries.[2] That case was actively litigated by the parties.

---

[1] In light of our decision, we do not need to address other issues raised by plaintiff and defendant. We express no opinions about any other issues.

[2] Docket No. ESX-L-1800-06.

On February 17, 2008, plaintiff was involved in another motor vehicle accident and claimed he sustained injuries to his neck and back. Because Complaint I was still being actively litigated, plaintiff's and defendant's attorneys reached an agreement that plaintiff would dismiss Complaint I and then file another complaint that would address both the 2004 and 2008 accidents. Their August 13, 2008 stipulation of dismissal without prejudice provided:

> [i]t is further agreed that defendant hereby waives any and all statute of limitations defense[s] they may have and consents to the plaintiff's right to re-file a Complaint against [d]efendant . . . in conjunction with another motor vehicle accident that occurred on or about February 17, 2008.

Plaintiff filed a new complaint on February 17, 2010, that addressed both the 2004 and 2008 accidents (Complaint II).[3] Plaintiff settled Complaint II with the alleged tortfeasor in the 2008 accident and filed a stipulation of dismissal with prejudice dated November 4, 2011, against that defendant.

Although defendant was served with Complaint II, he did not contact his carrier or former attorney, and filed no answer on his behalf. Plaintiff did not file a request for default. Complaint II was administratively dismissed against

---

[3] Docket No. ESX-L-1463-10.

defendant without prejudice on October 1, 2010. The dismissal appears to be because of lack of prosecution.

Nearly four years later on February 24, 2014, plaintiff's attorney served and filed a new complaint against defendant seeking personal injury damages for the 2004 motor vehicle accident (Complaint III).[4] Defendant moved to dismiss Complaint III under Rule 4:6-2(e), arguing that it was filed ten years beyond the two-year statute of limitations. He alleged that its filing also was not in conformity with the previous stipulation of dismissal because Complaint III only addressed the accident in 2004 and not the accident in 2008. He argued Complaint III was barred by application of the entire controversy doctrine.

The trial court's June 16, 2015 order denied defendant's motion. In its statement of reasons, the trial court explained that: the parties did not mention the statute of limitations in its stipulation dismissing Complaint I; only the co-defendant in the 2008 accident could raise the statute of limitations issue; Complaint II "beat the statute of limitations by one day"; it was defendant who chose not to answer Complaint II; plaintiff should not be blamed because his prior attorney did not settle the case with defendant "since the failure was caused by [defendant]"; and defendant did not prove any actual prejudice. The trial

---

[4] Docket No. ESX-L-1284-14.

court rejected defendant's entire controversy argument because Complaint II was not tried to judgment, nor settled, nor would it be fair to plaintiff to dismiss.

In denying reconsideration shortly after, the trial court reasoned that even if plaintiff's attorney did make an error by not following through on Complaint II, the court would not dismiss Complaint III, citing Rule 1:1-2, that allows for the relaxation of court rules. It held the doctrine of laches should not apply because "true prejudice" to defendant was not indicated. Also, plaintiff's 2010 complaint conformed with the stipulation of dismissal by addressing both the 2004 and 2008 accidents.

The parties continued to litigate Complaint III. Plaintiff obtained a medical expert. His de bene esse deposition was conducted on December 13, 2017, but just before trial, in an in limine motion, defendant moved to bar the doctor's testimony. Defendant argued the doctor did not provide a comparative analysis of the injuries plaintiff claimed he received in 2004 and 2008.[5] On January 2, 2018, the trial court granted defendant's motion to bar plaintiff's expert and dismissed the case "based on a failure to allocate injuries among and between three separate accidents . . . ."

---

[5] Plaintiff had another motor vehicle accident in 2016 and complained of injuries to his neck, lower back, left knee and right wrist. This accident is not part of the appeal.

A-2401-17T2

On appeal, plaintiff contends that the trial court erred by barring the testimony of his expert. He argues his expert's testimony would have been adequate for the jury to determine what injuries plaintiff sustained and whether they were causally related to the 2004 accident.

In his cross-appeal, defendant argues that the trial court erred by entering the June 16, 2015 order and order denying reconsideration. He argues the stipulation of dismissal did not waive the statute of limitation in perpetuity; it was waived to allow a complaint to be filed to consolidate the 2004 and 2008 accidents. Because Complaint III was not filed within two years of the 2008 accident, it was barred by the two-year statute of limitations. Defendant also opposes plaintiff's appeal, arguing that the trial court correctly barred plaintiff's medical expert.

We review de novo the denial of defendant's 2015 Rule 4:6-2(e) motion. Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005). This court's inquiry is focused on "examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citing Rieder v. N.J. Dep't. of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). To the extent defendant's motion raised a legal question about application of the statute of limitations, we also review that issue

de novo.  D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

N.J.S.A. 2A:14-2 sets forth a statute of limitations of two years for personal injury complaints.  "[E]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."  N.J.S.A. 2A:14-2.  "Statutes of limitations are essentially equitable in nature, promoting the timely and efficient litigation of claims."  Montells v. Haynes, 133 N.J. 282, 292 (1993) (citing Ochs v. Fed. Ins. Co., 90 N.J. 108 (1982)).  As our Supreme Court has stated:

> The purposes of statutes of limitations, oft-repeated by this Court, are two-fold: (1) to stimulate litigants to pursue a right of action within a reasonable time so that the opposing party may have a fair opportunity to defend, thus preventing the litigation of stale claims, and (2) to penalize dilatoriness and serve as a measure of repose.
>
> [Gantes v. Kason Corp., 145 N.J. 478, 486 (1996) (internal quotation marks omitted) (quoting Rivera v. Prudential Prop. & Cas. Ins. Co., 104 N.J. 32, 39 (1986)).]

A-2401-17T2

Statutes of limitations "are based on the goals of achieving security and stability in human affairs and ensuring that cases are not tried on the basis of stale evidence." Zaccardi v. Becker, 88 N.J. 245, 256 (1982).

We reverse the 2015 orders that rejected defendant's statute of limitations defense. Complaint III is time barred by N.J.S.A. 2A:14-2(a), because it was filed more than two years after plaintiff's alleged injury in 2004.

Plaintiff argues the parties waived the statute of limitation in the 2008 stipulation of dismissal without prejudice. However, there was no provision in the 2008 stipulation of dismissal that allowed multiple cases to be filed against defendant for the 2004 accident. That stipulation of dismissal contemplated plaintiff would file a complaint involving both accidents. This is not what plaintiff filed in 2014; Complaint III only involved the 2004 accident. Thus, it did not conform with the stipulation of dismissal.

While plaintiff filed Complaint II that did address the 2004 and 2008 accidents, the evidence indicates that Complaint II was dismissed without prejudice against defendant on October 1, 2010. This was before the 2008 tortfeasor was dismissed on November 4, 2011. Plaintiff did nothing to pursue the dismissal against defendant after he settled with the 2008 tortfeasor, even though the apparent reason for filing Complaint II was to pursue both

tortfeasors. The remedy for the dismissal was not to file a new complaint years later that did not conform with the underlying stipulation.

The goal of the statute of limitations—to avoid the litigation of stale claims and to permit a "measure of repose" for litigants—was not met by filing Complaint III. See Gantes, 145 N.J. at 486. This accident happened in 2004. It now is 2019. In the interim, plaintiff had two other accidents from which he claims injuries. Because Complaint III is barred by N.J.S.A. 2A:14-2, it is not relevant whether defendant can prove actual prejudice, but the subsequent accidents plainly increase the complexity of the case that defendant must defend. We are satisfied Complaint III was time-barred by N.J.S.A. 2A:14-2.

We reverse the June 16, 2015 order and the order that denied reconsideration.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2401-17T2